UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NUMBER 3:08-CR-134RM |
| | ) | |
| HARRY LEMOYNE MITCHELL | ) | |

<u>OPINION AND ORDER</u>

In October 2008, Harry Mitchell sold 78.6 grams of crack cocaine to a confidential informant during three controlled buys. At the time of his arrest, authorities searched Mr. Mitchell's residence and found another 117.6 grams of crack, a loaded .38 caliber revolver near the crack, $2,370 in cash (including $620 in bait money), scales and packaging materials, and 55 grams of marijuana. The grand jury indicted Mr. Mitchell on three counts of knowingly and intentionally distributing five or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of knowingly and intentionally possessing with the intent to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(2). The indictment included a forfeiture allegation directed to property constituting or derived from, proceeds obtained, directly or indirectly, as a result of the charged crimes and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the crimes, including $2,370 in currency and a Titan Tiger .38 cal. handgun.

Mr. Mitchell pleaded guilty to the possession charge in count 4 of the indictment, and on May 1, 2009, the court sentenced him to 120 months imprisonment. Mr. Mitchell moved for the return of $1,324 of the $2,370 seized

at the time of his arrest, arguing that these funds belong to his mother. The government responded that the currency has been administratively forfeited. The court conducted a hearing on the motion on August 13.

Mr. Mitchell says (and the government hasn't disputed) that his mother, Mrs. Evelyn Mitchell, withdrew the $1,324 from her Notre Dame Credit Union share savings account and gave the money to Mr. Mitchell to deposit at another bank so she could pay her bills. Mr. Mitchell claims that these funds were part of the money seized from his home, before he could deposit it in accordance with his mother's wishes. Mr. Mitchell contends that the money was improperly forfeited by the DEA since it wasn't proceeds from the sale of a controlled substance, as 21 U.S.C. § 881(6) requires. Mr. Mitchell says that Evelyn Mitchell never received notice of the intended forfeiture. Notices were sent to Mr. Mitchell's address, at which Evelyn Mitchell didn't reside, and the notices sent to her were returned as undeliverable. Mr. Mitchell claims his mother couldn't have surrendered her rights to the money when she never received notice of the government's intention to forfeit the currency.

The government says that the DEA seized the cash in question before the indictment. On December 2, notice was sent to Mr. Mitchell at an address on Bendix Drive in South Bend, and to Mrs. Mitchell at an address on Village Way in South Bend. On January 2, notification was sent to Mrs. Mitchell again at the Bendix Drive address. On March 4, the DEA issued a declaration of forfeiture pursuant to 21 U.S.C. § 881, declaring that the $2,370.00 had been seized and

no claim had been filed within thirty days of the last publication of notice. The government contends that the cash has been properly administratively forfeited.

The Comprehensive Drug Abuse Prevention and Control Act of 1970 provides for the civil forfeiture of property that was used either to facilitate narcotic transactions or to acquire the proceeds of such criminal activity. 21 U.S.C. § 881(a). Section 881(a)(6) authorizes the government to seize "all monies . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance." Section 881(d) provides that forfeiture is to be accomplished through the procedures set forth by the customs laws at 19 U.S.C. §§ 1602-1618. Any person claiming an interest in such property has twenty days from the date of the first publication of the notice to file a claim and post a bond. Id. at 1608. If no such claim is filed, the property is declared forfeited and title will vest in the United States. Id. at §1609.

The government argues that since forfeiture has been completed, this criminal case cannot be the proper forum for Ms. Mitchell's claim. The government does not, though, identify the forum it believes to be the right one, and FED. R. CRIM. P. 32.2(c) suggests that this court has the authority to hear and resolve Ms. Mitchell's claim. Since the government hasn't disputed the factual basis of Ms. Mitchell's claim (that the money was hers, rather than fruits or instrumentalities of her son's drug business), the issue turns on the timeliness of Ms. Mitchell's claim; since timeliness is determined with reference to adequate notice, the

inquiry begins with whether the government provided adequate notice to trigger Ms. Mitchell's obligation to file a claim.

To initiate administrative forfeiture proceedings, the seizing agency (in this case the DEA) must publish notice of the seizure and its intent to forfeit the property once a week for at least three successive weeks in a newspaper of general circulation in the judicial district in which the forfeiture proceeding is brought. 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75 (1992). The agency also must give personal written notice of the seizure and information on the applicable procedures to any party who appears to have an interest in the seized property. 19 U.S.C. § 1607(a).

When property has been administratively forfeited, the exclusive remedy for submitting a claim for return of that property is to file a motion to set aside the forfeiture under 18 U.S.C. § 983(e)(1). In <u>Turner v. Attorney General of the United States</u>, 579 F. Supp. 2d 1097, 1104 (N.D. Ind. 2008), In <u>Turner</u>, the claimant brought a *pro se* prisoner suit against the United States Attorney General seeking the return of funds seized from him by the State of Indiana while state criminal charges pended against him and were later transferred to the FBI for forfeiture proceedings under 21 U.S.C. § 881. Mr. Turner alleged that the property wasn't used for any illegal act and wasn't the proceeds of an illegal act. <u>Id.</u> at 1098-1099. Mr. Turner also claimed that he never received formal notice of forfeiture nor were formal forfeiture proceedings ever initiated. <u>Id.</u> In considering Mr. Turner's claim, the court noted that to "properly bring an administrative forfeiture action, the

government must comply with the statutory notice requirements of 18 U.S.C. § 983 . . . ."

Section 983(a) provides that written notice of forfeiture must be sent to interested parties within sixty days after the seizure. Section 983(a)(1)(A)(iii) further explains that:

> if, before the 60-day period expires, the Government does not file a civil forfeiture action, but does obtain a criminal indictment containing an allegation that the property is subject to forfeiture, the Government shall either –
> (I) send notice within the 60 days and continue the nonjudicial civil forfeiture proceeding under this section; or
> (II) terminate the nonjudicial civil forfeiture proceeding, and take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute.

Any person who is entitled to receive written notice but doesn't receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, and that motion must be granted if:

> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1).

Notice must be sent to interested parties "in a manner to achieve proper notice as soon as practicable." Id. at § 983(a)(1)(A)(iv). If no claim is filed within the applicable limitations period, the property is administratively forfeited, and the district court is divested of jurisdiction to review the merits of the forfeiture.

Garcia v. Meza, 235 F.3d 287, 290 (7th Cir. 2000); *see also* Mohammad v. United States, 169 Fed. Appx. 463 (7th Cir. 2006). Instead, the exclusive remedy for challenging the forfeiture is to file a motion to set aside the forfeiture under § 983(e)(1). Turner v. Attorney General, 579 F. Supp. 2d at 1105.

The government didn't file a civil forfeiture action with respect to the Mitchell cash, but instead obtained a criminal indictment against Mr. Mitchell that contained a forfeiture allegation. Following the indictment, the government sent notice to Mr. Mitchell and his mother in December and January, suggesting that the government knew of Ms. Mitchell's interest in the currency. It also appears that Ms. Mitchell had reason to know of the seizure within sufficient time to file a timely claim. The question for the court, then, is whether the DEA took "reasonable steps" to provide Ms. Mitchell with notice.

Due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Turner v. Attorney General, 579 F. Supp. 2d at 1105 (*citing* Mullane v. Central Hanover Bank & Trust, Co., 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is [reasonable] notice . . . .")). Whether notice is sufficient depends on the nature of the interest at stake and whether the party to whom notice must be provided is known or unknown. Id. at 318. Due process isn't satisfied if the government "knew or had reason to know that the notice would be

ineffective." Id. In Jones v. Flowers, for example, the Supreme Court held that when notice sent by certified mail is returned undeliverable, the government must take "additional reasonable steps . . . if practicable," to provide a property owner with notice. 547 U.S. 220, 234 (2006). If no reasonable additional steps could have been taken, the government "cannot be faulted for doing nothing." Id. For example, the Flowers court held that once notices sent by certified mail were returned undeliverable, the government needn't search phone books or government records for the claimant's address because this would place an undue burden on the government. Id. at 237; *see also* Lobzun v. United States, 422 F.3d 503, 507 (7th Cir. 2005) ("Absent exceptional circumstances, written notice of forfeiture by certified mail to the claimant's residence satisfies due process, even if the claimant does not receive actual notice.") (*citing* Dusenbery v. United States, 534 U.S. 161, 170 (2002)).

The DEA sent written notice to Mr. Mitchell once and separately to Ms. Mitchell at two different addresses, both of which were returned as undeliverable. The government provides no further evidence regarding whether the government published the notices once a week for three successive weeks in a newspaper or general circulation in this judicial district. Nor does the government provide evidence of any additional steps taken to locate Ms. Mitchell.

The court cannot find that the DEA took any steps toward notification after their notices were returned as undeliverable, and Jones v. Flowers holds that when such notice is unsuccessful, the forfeiting agency must either take

additional steps or have a reason why additional steps would amount to too great a burden. The court has no evidence of the former, and no explanation of the latter. Accordingly, the court GRANTS the defendant's motion for return of property (doc. #33). The government shall release $1,324 to Mr. Mitchell's counsel for delivery to Evelyn Mitchell.

SO ORDERED.

ENTERED:  August 17, 2009

_____/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court