UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA )
)
vs. ) CAUSE NO. 3:08-CR-134-RLM
)
HARRY LEMYONE MITCHELL )

OPINION and ORDER

Harry Mitchell pleaded guilty to a charge of possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack) in an amount over fifty grams in violation of 21 U.S.C. § 841(a)(1). On May 1, 2009, the court sentenced Mr. Mitchell to 120 months' imprisonment, which was then the minimum term of imprisonment for a violation of 21 U.S.C. § 841(a)(1), to be followed by a five-year supervised release term. On March 16, 2012, the court received a letter from Mr. Mitchell asking that his sentence be modified under the revised cocaine base (crack) ratio calculations, even though he was sentenced to the statutory minimum 120 months. The court had no power to modify Mr. Mitchell's sentence because the Fair Sentencing Act of 2010, which reset the drug quantities that trigger the mandatory minimums, is not retroactive. United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010). As a result, the court denied Mr. Mitchell's requested sentence reduction. Mr. Mitchell has now filed a motion asking that his sentence be reduced again based on the Fair Sentencing Act revised cocaine base (crack) ratio calculations that Mr. Mitchell claims were made retroactive by Dorsey v. United States, 132 S. Ct. 2321 (2012).

On August 3, 2010, the Fair Sentencing Act went into effect and reduced the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1. Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012). In Dorsey v. United States, the Supreme Court held that the more lenient mandatory minimum sentences under the Act applied to offenders who committed an offense before the Act took effect on August 3, 2010 but were not sentenced until after the Act took effect. 132 S. Ct. 2321, 2335 (2012) ("Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."). Mr. Mitchell committed the offense pre-Act on October 29, 2008, and he was sentenced pre-Act on May 1, 2009. Both his crime and his sentencing took place more than a year before the Fair Sentencing Act went into effect on August 3, 2010. Dorsey's application of the Act's lower mandatory minimum sentences to the post-Act sentencing of pre-Act offenders doesn't apply to Mr. Mitchell. United States v. Robinson, 697 F.3d 443, 444-445 (7th Cir. 2012).

Mr. Mitchell cites a recent Sixth Circuit Court of Appeals decision that held the Fair Sentencing Act's more lenient penalties apply retroactively to offenders who were sentenced before the Act took effect, United States v. Blewett, 12-5226, 2013 WL 2121945, at *6 (6th Cir. May 17, 2013), but the Seventh Circuit Court of Appeals has determined the Act isn't retroactive to the extent of reaching defendants who were sentenced before the Act went into effect. United States v. Robinson, 697 F.3d 443, 445 (7th Cir. 2012); *see also*

United States v. Reeves, 12-3317, 2013 WL 3155945, at *3 (8th Cir. June 24, 2013) (collecting cases of federal circuits holding the Fair Sentencing Act does not apply retroactively to defendants who were sentenced before August 3, 2010, and who seek a reduction in their sentences under section 3582(c)(2)).

Mr. Mitchell received the lowest possible sentence under the statute at that time. The Fair Sentencing Act's more lenient mandatory minimum sentences don't apply retroactively to offenders sentenced before the Act took effect, so the court DENIES Mr. Mitchell's motion to have his sentence retroactively reduced (Doc. No. 48).

SO ORDERED.

ENTERED: July 15, 2013

/s/ Robert L. Miller, Jr.
Judge
United States District Court